EDMUND W. FLYNN
ANTONIO A. CAPOTOSTO
HUGH B. BAKER
FRANCIS B. CONDON
JEREMIAH E. O'CONNELL

OPINION OF THE JUSTICES TO THE SENATE

RE RESOLUTION S-5.

JANUARY 22, 1954.

OPINION to the senate in answer to question propounded in accordance with provisions of §2, art. XII, amendments to state constitution.

January 22, 1954

To the Honorable, the Senate
of the State of Rhode Island and
Providence Plantations

We have received from the honorable senate a resolution which was passed at the special session of the general assembly held in June 1953 and was forwarded to us after the adjournment thereof. It requests, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon a certain question of law which is stated as follows:

"May the general assembly of Rhode Island by an act duly passed and approved by the governor authorize the cities and town[s] of the state to fix the date of municipal elections in charters adopted pursuant to Article XXVII of the amendments to the constitution?"

It appears that the reference therein to article XXVII of the amendments to the constitution is an inadvertent error in typing, since that article is wholly unrelated to the subject matter of the question. If such reference is changed to read "Article XXVIII" of the amendments to the constitution, the question would have significance. In the circumstances we shall assume that the senate intended to ask whether the general assembly may by enactment authorize the cities and towns of the state to fix the date of municipal elections in charters adopted pursuant to article XXVIII of the amendments to the constitution.

The full and exclusive power over the conduct of elections is vested in the general assembly by virtue of the provisions of section 7 of article XXIX of amendments to the constitution of this state. In our judgment the fixing of the date for holding municipal elections is a necessary requisite for the conduct of such elections. That is why we pointed out in our *Opinion to the House of Representatives,* 80 R. I. 288, 96 A.2d 627, that "We are clearly of the opinion that in article XXVIII of amendments there is no constitutional warrant for home rule charters to prescribe nonpartisan nominations and elections, or to fix the time of general municipal elections, or to specify the number of signatures of qualified voters required on nomination papers of a candidate for municipal office, because each of those matters pertains to the conduct of the elections."

Therefore, since the general assembly under section 7 of article XXIX of amendments to the constitution is vested with the full power over the conduct of elections, that body alone must in its enactment fix the date for the holding of municipal elections. This power may not be delegated

to cities and towns which have adopted a home rule charter pursuant to the provisions of article XXVIII of the amendments to the constitution of this state.

Consequently the question as above construed is answered in the negative.

EDMUND W. FLYNN
ANTONIO A. CAPOTOSTO
HUGH B. BAKER
FRANCIS B. CONDON
JEREMIAH E. O'CONNELL